UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION,        :                        12-civ-0741 (JGK) (GWG)
                   :                        ECF CASE
              Plaintiff,      :
                   :
-      against -      :                     **COMPLAINT**
                   :
MAVIS DISCOUNT TIRE, INC.,    :
MAVIS TIRE SUPPLY CORP.,      :
MAVIS TIRE NY, INC., AND      :
COLE MUFFLER, INC.,      :                  **JURY TRIAL DEMAND**
                   :
   Defendants.           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Nicole Haywood and a class of female applicants who were adversely affected by such practices. As alleged with greater particularity in paragraphs 7 and 8 below, the Equal Employment Opportunity Commission ("Commission") charges that Defendants, Mavis Discount Tire, Inc., Mavis Tire Supply Corp., Mavis Tire NY, Inc., and Cole Muffler, Inc. (collectively "Defendants") failed to hire Haywood and other qualified female applicants while hiring less qualified men for positions in Defendants' branch stores. Defendants' hiring practices have been undertaken with the purpose and have had the effect of denying women employment because of their sex in violation of Title VII. Additionally, Defendants failed to retain applications and related documents, in violation of the record-keeping requirements of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended,  42 U.S.C."§§ 2000e-5(f)(1) and (3) and -6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed in numerous locations, including within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and-6.

4. At all relevant times, Defendants continuously have been New York corporations and continuously have done business in the State of New York, and continuously have had at least 15 employees.  Mavis Discount Tire, Inc., Mavis Tire Supply, Inc., and Mavis NY, Inc. (the "Mavis companies") are headquartered at the same address, while Cole, Inc. is a wholly-owned subsidiary of the Mavis companies.

5. At all relevant times, Defendants have been employers engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than 30 days prior to the institution of this lawsuit, Nicole Haywood filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Mavis Discount Tire, Inc.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Defendants operate approximately 110 branch stores in Connecticut, Massachusetts, New York, and Pennsylvania, providing tire sales and installation as well as other automotive sales and services.  Approximately 800 "field employees" work in these branch stores.

8.      Since at least 2008, Defendants have engaged in unlawful employment practices at its branch stores in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).  These unlawful practices include but are not limited to the following:

a)      Defendants intentionally have discriminated against female applicants because of their sex by maintaining a hiring system through which Defendants intentionally have denied employment opportunities to qualified females in favor of equally or less qualified males.

b)      Defendants' hiring system disproportionately excludes women from employment and constitutes a pattern or practice of discrimination against women.

c)      The field employee positions for which Defendants unlawfully failed to hire qualified females include, but are not limited to, Manager, Assistant Manager, Mechanic, and Tire Installer.

d)      While branch store managers may decide which applicants are considered for employment, one senior manager – Defendants' Senior Vice-President of Operations – is involved in many of those decisions and is the final decisionmaker for all field employee hiring.

e) Of Defendant's 800 field employees, only one is female. Defendant hired her in 1990.

f) During the three-year period of 2008 to 2010, Defendants hired nearly 1,300 field employees. Although many qualified females applied, Defendant did not hire any of them.

g) Among the nearly 1,300 males Defendants hired as field employees between 2008 and 2010 were applicants who had as little as a few months experience as mechanics, service technicians, counter persons, stockers, drivers, mechanic's helpers, or laborers. Some male applicants whom Defendants hired submitted blank applications. During the same time period, female applicants for field positions with the same or substantially better qualifications were neither interviewed nor hired by Defendants.

h) Among the qualified female applicants whom Defendants neither interviewed nor hired for field positions were: a business manager of a motorsports company; an applicant with seven years' experience as a production control supervisor managing and maintaining a fleet of 350 vehicles; an applicant with seven years' experience managing a service station with three repair bays; an applicant with three years' experience in auto parts sales; and an applicant with four years' experience as a head service writer at a car dealership.

i) Many other women had at least as much or more automotive experience and/or training as male applicants whom Defendants hired. For example, one woman who applied to be a mechanic had worked in that job for more than four years. Another woman, who applied to be a tire installer, indicated on her application that she had worked for six months in the same position with a major tire distributor. Two other women, who applied for automotive technician positions, were certified in automotive services.

j)      Charging Party Haywood applied for an assistant manager position with Defendants at least three times between the spring and fall of 2008. Haywood studied automotives for three years in high school and at the time of her application had worked for fourteen years as an assistant sales manager and technician for a major national automotive parts, installation, and sales company.

k)      Haywood received no response to her first two applications. In approximately September 2008, Haywood told one of Defendants' Regional Training Managers that she believed Defendants were refusing to interview her because of her sex. Defendants then scheduled Haywood for an interview with the Senior Vice-President of Operations the following week.

l)      Defendants' Senior Vice-President of Operations interviewed Haywood but Defendants did not hire her.

m)      During the same time frame that Haywood submitted her three applications to Defendants, at least two females and three males who worked for the same employer as Haywood applied for field employee positions with Defendants. Defendants did not hire the two female applicants but hired the three male applicants as assistant managers and/or managers. These three male applicants had qualifications equal or inferior to Haywood's.

9.      Since at least 2008, Defendants have failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed. Records which Defendant unlawfully failed to retain include, but are not limited to, employment applications including the applications and/or resumes of Haywood and other female applicants.

10. The effect of the practices complained of in paragraph 8 above has been to deprive Haywood and other female applicants of equal employment opportunities and otherwise adversely affect their status as applicants and employees because of sex.

11. The unlawful employment practices complained of in paragraph 8 above were and are intentional.

12. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Haywood and other female applicants.

### **PRAYER FOR RELIEF**

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices that discriminate on the basis of sex.

B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for female applicants and that eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Haywood and other aggrieved female applicants by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices including, but not limited to, rightful-place hiring of qualified female applicants, and, where appropriate, front pay and instatement.

D. Order Defendants to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-8(c),

relevant to the determination of whether unlawful employment practices have been or are being committed.

E.　Order Defendants to make whole Haywood and other aggrieved female applicants by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

F.　Order Defendants to make whole Haywood and other aggrieved female applicants by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above including, but not limited to, emotional pain, suffering, humiliation, and inconvenience in amounts to be determined at trial.

G.　Order Defendants to pay Haywood and other aggrieved female applicants punitive damages for Defendants' malicious and reckless conduct described above in amounts to be determined at trial.

H.　Grant such further relief as the Court deems necessary and proper in the public interest.

I.　Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington D.C. 20507

_____
Elizabeth Grossman
Regional Attorney

_____
Nora E. Curtin
Supervisory Trial Attorney

_____
Anna M. Pohl
Trial Attorney

_____
Gillian L. Thomas
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, N.Y. 10004
(212) 336-3693
(212) 336-3623 (Facsimile)
anna.pohl@eeoc.gov
gillian.thomas@eeoc.gov

8