USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/30/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY
COMISSION,

                                Plaintiff,

          v.

MAVIS DISCOUNT TIRE, *et al.*,

                                Defendants.
------------------------------------------------------------X

12 Civ. 0741 (KPF)

OPINION AND ORDER

**KATHERINE POLK FAILLA, District Judge:**

       On January 31, 2012, the Equal Employment Opportunity Commission ("EEOC") initiated this action, alleging that Defendants Mavis Discount Tire, Inc. d/b/a Mavis Tire Supply Corp. ("Mavis"), Mavis Tire NY, Inc., and Cole Muffler, Inc. (collectively, "Defendants"), failed to correct unlawful employment practices on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991. Plaintiff-Intervenors Nicole Haywood, May Menawi, and Hattie Haynes now seek leave to intervene in the action and bring claims under Title VII and the New York Human Rights Law, N.Y. Exec. Law § 296 ("NYHRL"). For the reasons set forth in the remainder of this Opinion, the motion is granted in part and denied in part.

## FACTUAL BACKGROUND

A.   **Facts Giving Rise to this Action**

The following facts are either taken from the Complaint ("Compl." (Dkt. #1)), or the Proposed Complaint in Intervention ("Prop. Compl." (Pl. Aff. Ex. A (Dkt. #15))), and are assumed to be true for the purposes of this motion.

   1.   **Nicole Haywood**

Plaintiff-Intervenor Nicole Haywood applied for the position of assistant manager with Defendants three times during the spring and fall of 2008, and was qualified for the position for which she applied. (Compl. ¶ 8(j); Prop. Compl. ¶¶ 32-33). Haywood had extensive experience in the automotive industry, including 14 years working at Sears & Roebuck ("Sears"), during which time she had held the position of Assistant Sales Manager and Technician, and had even assumed the responsibilities of running the store at which she worked. (Compl. ¶ 8(j); Prop. Compl. ¶¶ 34-35).

Haywood received no response from Defendants the first two times she submitted her application. (Compl. ¶ 8(k); Prop. Compl. ¶ 37). In approximately September 2008, Haywood informed Defendants' Regional Training Manager that she believed Defendants had refused to hire her because of her sex; one week later, Haywood was granted an interview with Defendants' Senior Vice-President of Operations. (Compl. ¶ 8(m); Prop. Compl. ¶¶ 37-38). Even then, Haywood was not hired. (Compl. ¶ 8(l); Prop. Compl. ¶ 38).

During the same time that Haywood submitted her applications to Defendants, at least two females and three males who also worked at Sears — some

2

of whom Haywood had trained herself — applied for field employee positions with Defendants. (Compl. ¶ 8(m); Prop. Compl. ¶ 39).[1] Defendants did not hire the two female applicants, but hired the three male applicants as either managers or assistant managers, even though they were equally qualified to or less qualified than Haywood. (*Id.*).

### 2. May Menawi

Plaintiff-Intervenor May Menawi applied for a job with Defendants at some time in 2008, and was qualified for the position for which she applied. (Prop. Compl. ¶¶ 41-42). Menawi had worked in the automotive industry since 2002, and had held sales and customer service positions at a number of automotive companies. (*Id.* ¶ 44). Menawi was not interviewed or hired by Defendants. (*Id.* ¶¶ 45-46). During the same time that Menawi submitted her application to Defendants, several equally or less qualified male applicants with whom Menawi worked at Sears were hired by Defendants. (*Id.* ¶ 46). On August 7, 2009, Menawi wrote a letter that is attached to Haywood's EEOC records; in it, Menawi recounted the above facts and stated that "I believe that [Defendants] are discriminating against female workers with[in the] Auto[mo]tive Department." (Pl. Aff. Ex. B).

### 3. Hattie Haynes

Plaintiff-Intervenor Hattie Haynes applied for a job with Defendants in or about 2007, and was qualified for the position for which she applied. (Prop. Compl. ¶¶ 48-49). Haynes had worked at Sears for more than 11 years as an Automotive

---

[1]   In this action, "field employees" are defined as manager, assistant manager, mechanic and tire installer. (Compl. ¶ 8(c)).

Sales Associate, and won several awards in this capacity. (*Id.* ¶ 50). During the same time that Haynes submitted her application to Defendants, several equally or less qualified male applicants with whom Haynes had worked at Sears were hired by Defendants. (*Id.* ¶ 52). Defendants did not, however, hire Haynes. (*Id.*).

**B.     The EEOC Action**

Haywood filed a charge of discrimination with the EEOC in January 2009, alleging Title VII violations by Mavis. (Compl. ¶ 6; Pl. Aff. Ex. B). During the EEOC proceeding, Defendants disclosed that out of their 800 field employees working in approximately 110 branch stores, only one was female, and she had been hired in 1990. (Compl. ¶ 8(e); Prop. Compl. ¶ 27). From 2008 to 2011, Defendants hired nearly 1,300 field employees, but not one of them was female, despite the fact that many qualified female applicants applied. (Compl. ¶ 8(f); Prop. Compl. ¶ 28). The EEOC found that many of the male applicants Defendants hired were equally qualified to or less qualified than the female applicants who were not hired. (Compl. ¶ 8(g); Prop. Compl. ¶ 30). Some male applicants even submitted blank applications. (Compl. ¶ 8(g)).

On August 5, 2011, the EEOC issued a determination that there was reasonable cause to believe Defendants had violated Title VII by failing to hire Haywood and a class of females because of their sex. (Prop. Compl. ¶ 15; Pl. Aff. Ex. C). Also on August 5, 2011, the EEOC issued a proposed Conciliation Agreement, into which the parties declined to enter. (Prop. Compl. ¶ 16). The EEOC did not issue a Notice of Right to Sue to Haywood "in light of the filing of the EEOC Complaint." (Prop. Compl. ¶ 18).

C.    **The Instant Litigation**

EEOC brought this action on January 31, 2012. (Dkt. #1). Defendants filed an answer on April 1, 2012. (Dkt. #7). The parties then attended an April 2, 2012 conference before the Honorable John G. Koeltl, the District Judge to whom the case was then assigned. As of that date, the EEOC and Defendants had engaged in discussions as to the case management plan, the scope of and schedule for discovery, and the potential for a bifurcated trial on the EEOC's pattern and practice claim. (Def. Opp. 2; *see* Dkt. #4, 8, 33).

On April 25, 2012, Plaintiff-Intervenors filed the instant motion (Dkt. #13), and Defendants filed their opposition on May 10, 2012 (Dkt. #21). However, both parties encountered a filing error, with the Court's ECF system noting that each party had selected a "wrong event type from menu" that yielded a "deficient docket entry." As a result, neither the motion nor its opposition was properly filed. Neither side realized their error, however, and both continued to believe that their motions were pending before Judge Koeltl.

The parties proceeded with discovery as to "Phase I," i.e., the EEOC's pattern and practice claim. (*See* Dkt. #33). After this matter was reassigned to the undersigned on June 27, 2013 (Dkt. #30), the parties submitted a status letter (Dkt. #33), in response to the Court's July 2, 2013 Order (Dkt. #32). In the status letter, the parties advised the Court of their belief that the April 25, 2012 Motion to Intervene was fully submitted and still pending before the Court. (Dkt. #33).

In order to resolve this issue, the Court held a telephone conference on July 17, 2013, during which it notified the parties that the motion had not been properly

5

filed. Upon learning that the parties still intended to file the motion, the Court instructed both parties to properly file their respective submissions on ECF. Although this presents an unusual procedural posture, neither party has objected to treating the motion as if it was filed on April 25, 2012, and fully submitted on May 10, 2012. The Court sees no reason to penalize the parties for their mutual technical error. The motion will be treated as if it had been properly filed and fully submitted as of May 2012.

## DISCUSSION

### A. Applicable Law

Plaintiff-Intervenors argue that they should be allowed to intervene as a matter of right under Fed. R. Civ. P. 24(a)(1) and the "single filing rule." Rule 24(a) provides that "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by federal statute; or (2) claims an interest related to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Title VII confers a right to intervene upon a person who files a charge of discrimination that forms the basis for an EEOC enforcement action. 42 U.S.C. § 2000(e)-5(f)(1); *see also EEOC* v. *Reckrem*, 199 F.R.D. 526, 529 (S.D.N.Y. 2001). There is no dispute that Haywood has a right to intervene in this action to assert a Title VII claim (*see* Def. Opp. 4); instead, the parties disagree as to whether Menawi and Haynes may also intervene under the "single filing rule."

6

The "single filing" or "piggybacking" rule was adopted by the Second Circuit in *Snell* v. *Suffolk County,* 782 F.2d 1094 (2d Cir. 1986). In that case, the Court held that "where one plaintiff has filed a timely EEOC complaint, other non-filing plaintiffs may join in the action if their individual claims aris[e] out of similar discriminatory treatment in the same time frame." 782 F.2d at 1100 (internal quotation marks omitted). "[M]ere similarity" between the timely filed charge and the subsequent plaintiff's claims "within the same general time frame suffices to permit [application of] the single-filing rule." *Tolliver* v. *Xerox Corp.*, 918 F.2d 1052, 1057 (2d Cir. 1990) (internal quotation marks omitted). "In cases such as this, when the allegedly discriminatory activity affects a large group, piggybacking is not allowed unless the filed charge provides some indication that the grievance affects a group of individuals defined broadly enough to include those who seek to piggyback on the claim." *Holowecki* v. *Fed. Exp. Corp.*, 440 F.3d 558, 564 (2d Cir. 2006) (internal quotation marks omitted) (citing *Tolliver,* 918 F.2d at 1058).

As an initial matter, the Court must consider the timeliness of the motion to intervene. Timeliness should be "evaluated against the totality of the circumstances before the court." *Farmland Dairies* v. *Comm'r of the N.Y. State Dep't of Agric. and Markets*, 847 F.2d 1038, 1044 (2d Cir. 1988) (citing *NAACP* v. *New York*, 413 U.S. 345, 366 (1973)). The intervention was timely, because when it was filed in April 2012, the action was less than three months old, discovery had not yet begun, and Defendants had only recently filed their answer. *See Arista Records, Inc.* v. *Dalaba Color Copy Ctr., Inc.*, No. 05 Civ. 3634 (DLI) (MDG), 2007 WL 749737 (E.D.N.Y. Mar. 7, 2007) (finding that intervention was timely where the motion was

filed five months after the complaint); *Am. S.S. Owners Mut. Protection and Indem. Ass'n, Inc.*, v. *Alcoa S.S. Co.*, No. 04 Civ. 4309 (LAK), 2005 AMC 1498 (S.D.N.Y. Feb. 22, 2005) (finding that intervention was timely where the motion was filed a few months after the complaint).

**B.      Application**

      **1.      Plaintiff-Intervenors Menawi and Haynes May Bring Title VII Claims**

Plaintiff-Intervenors Menawi and Haynes may intervene as a matter of right by piggybacking onto Haywood's charge of discrimination because their claims "aris[e] out of similar discriminatory treatment in the same time frame." *Snell*, 782 F.2d at 1100.

Menawi's and Haynes's claims share numerous factual similarities to Haywood's charge of discrimination, including the facts that (i) all three women applied for positions at Defendants between 2007 and 2008; (ii) none of the three was hired, despite their qualifications and years of experience in the automotive industry; and (iii) equally or less qualified male applicants, with whom all three women had worked at Sears, were hired by Defendants during the period in which the three women filed their employment applications.  (Pl. Br. 4).

Defendants argue in response that Menawi's and Hayes's claims are not sufficiently similar because they did not apply to Defendants during the exact same time frame in 2008 as Haywood, and because Menawi and Hayes have not alleged facts regarding which location they applied to, or for what position.  (Def. Opp. 3-5). First, "[e]xact duplication of a time frame is unnecessary to satisfy the single-filing

rule; instead, mere similarity of grievances within the same *general* time frame suffices to permit operation of the single filing rule." *Cronas* v. *Willis Grp. Holdings Ltd.*, No. 06 Civ. 15295 (GEL), 2007 WL 2739769, at *8 (S.D.N.Y. Sept. 17, 2007) (emphasis in original) (citing *Tolliver,* 918 F.2d at 1058); *see also Alemendral* v. *N.Y. State Office of Mental Health,* 743 F.2d 963, 967 (2d Cir. 1984) (finding that the district court erred in refusing to consider discriminatory conduct that occurred after plaintiff filed her EEOC complaint, as "a court may consider, in addition to the original EEOC charges, those claims reasonably related to the EEOC charge."). Second, EEOC actions may be maintained against multiple business locations, even though the charge of discrimination was limited to a single location. *Rahman* v. *Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198 (LAK) (JCF), 2008 WL 161230, at *4 (S.D.N.Y. Jan. 16, 2008); (citing *Tolliver,* 918 F.2d at 1058-59 (permitting class claims relating to various locations where EEOC charge had referenced related company-wide class action) and *Bethea* v. *Equinox Fitness Club*, No. 07 Civ. 2018 (JSR) 2007 WL 1821103, at *2, 4 (permitting class claims covering multiple venues where, although plaintiff's claims arose in only one, his EEOC charge alleged similar conditions in other locations)).

Even without alleging the locations to which or the positions for which Menawi and Haynes applied, their claims are sufficiently similar to Haywood's because "the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of [Haywood's] charge of discrimination." *Velez* v. *Novartis Pharms. Corp.,* 244 F.R.D. 243, 255 (S.D.N.Y. 2007) (internal quotation marks omitted) (quoting *Holtz* v. *Rockefeller & Co.*, 258

9

F.3d 62, 83 (2d Cir. 2001)). "The Second Circuit has described this principle as essentially an allowance of loose pleading." *Cronas*, 2007 WL 2739769, at *6 (internal citation and quotation marks omitted) (citing *Holtz,* 258 F.3d at 83). Menawi's and Haynes's claims are virtually identical to Haywood's and, as such, would fall within the scope of the EEOC's investigation and could reasonably be expected to grow out of Haywood's original charge of discrimination.

Defendants lastly argue that Menawi's and Haynes's Title VII claims are untimely, and should not be permitted. (Def. Opp. 5-6). Notably, however, Title VII's administrative prerequisites "must be interpreted liberally to effectuate its purpose of eradicating employment discrimination." *Cronas*, 2007 WL 2739769, at *2 (S.D.N.Y. Sept. 17, 2007) (citing *Zipes* v. *Trans World Airlines, Inc.,* 455 U.S. 385, 397 (1982) and *Love* v. *Pullman Co.*, 404 U.S. 522, 526-27 (1972) (noting that fairness, and not excessive technicality, should guide consideration of Title VII actions)). The "single filing rule" addresses this very issue. Under that rule, the timeliness of Menawi's and Haynes's claims is not judged against the date of the parties' intervention, but rather is judge by evaluating the claims to see whether they are sufficiently similar to, and arise out of the same general time period as, the facts giving rise to Haywood's claims. *See generally Tolliver*, 918 F.2d at 1058-59. They are. Accordingly, Menawi and Haynes may intervene to bring Title VII claims in this action.

### 2. The Court Declines to Exercise Jurisdiction over Plaintiff-Intervenors' State Law Claims

Haywood, Menawi, and Haynes also seek to bring claims under the NYHRL, N.Y. Exec. Law § 296. When a district court has original jurisdiction in a civil action under 28 U.S.C. § 1367, it also "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Claims are part of the same case or controversy if they derive from a common nucleus of operative fact," which they clearly do here. *William A. Gross Const. Associates, Inc.* v. *Am. Manufacturers Mut. Ins. Co.*, No. 07 Civ. 10639 (LAK) (AJP), 2009 WL 427280, at *14 (S.D.N.Y. Feb. 23, 2009) (citing *Achtman* v. *Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) and *State St. House, Inc.* v. *New York State Urban Dev. Corp.,* 75 Fed. Appx. 807, 811-12 (2d Cir. 2003)). The Second Circuit has repeatedly held that "claims brought under New York State's Human Rights Law are analytically identical to claims brought under Title VII." *Torres* v. *Pisano*, 116 F.3d 625, 629 & n.1 (2d Cir. 1997) (citing *Van Zant* v. *KLM Royal Dutch Airlines*, 80 F.3d 708, 714-15 & n.6 (2d Cir. 1996)).

However, pendent jurisdiction "need not be exercised in every case," inasmuch as it is a "doctrine of discretion, not of plaintiff's right." *United Mine Workers* v. *Gibbs*, 383 U.S. 715, 726 (1966). The Court must weigh considerations of "economy, convenience [and] fairness," *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 510 F. Supp. 2d 299, 329-30 & n.137 (S.D.N.Y. 2007)

(citing *City of Chicago* v. *Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)), and jurisdiction should be refused where, for example, there are "reasons independent of jurisdictional considerations, such as the likelihood of jury confusion in treating divergent legal theories of relief, that would justify separating state and federal claims for trial." *Gibbs*, 383 U.S. at 726 (citing Fed. R. Civ. P. 42(b)).

Under the NYHRL, "the doctrine of respondeat superior, or vicarious liability based on the agency relationship, is not available in cases involving discrimination." *Melendez* v. *Int'l Serv. Sys., Inc.*, No. 97 Civ. 8051 (DAB), 1999 WL 187071, at *15 (S.D.N.Y. Apr. 6, 1999) (citing *Father Belle Comm. Ctr.* v. *New York State Div. of Human Rights*, 642 N.Y.S.2d 739, 746 (App. Div. 4th Dep't 1996)). To prevail on this claim, Plaintiffs would bear the additional burden of "demonstrat[ing] that the employer acquiesced in the discriminatory conduct or subsequently condoned it." *Id*. Title VII does not require this additional showing, but the Supreme Court has held, somewhat relatedly, that "absence of notice to an employer does not necessarily insulate that employer from liability." *Meritor Sav. Bank, FSB* v. *Vinson*, 477 U.S. 57, 69 (1986) (citing Restatement (Second) of Agency §§ 219-237 (1958)).

The EEOC and Defendants already intend to proceed with a bifurcated trial. Defendants argue that introducing Plaintiffs' state law claims, with NYHRL's additional burden of proof, would be "unworkable" at trial, and poses significant potential to confuse a jury. (Def. Opp. 6-9). Moreover, Defendants argue that Plaintiffs' state law claims are untimely under New York State's three-year statute of limitations. (*Id*.). The Court need not reach the latter issue, however, because it

agrees that the significant potential for jury confusion weighs against exercising supplemental jurisdiction over Plaintiff-Intervenors' state law claims.  *See also Alveari* v. *American Int'l Group, Inc.*, 590 F. Supp. 228, 232 (S.D.N.Y. 1984) (refusing to retain jurisdiction over state claim because such retention would "inevitably add to the proof in this case and complicate what can be a simple, straightforward non-jury case"); *see also Burger* v. *Health Ins. Plan*, 684 F. Supp. 46, 50-51 (S.D.N.Y. 1988) (holding that potential for jury confusion was one reason for dismissing state claim); *Barbetta* v. *Chemlawn Services Corp.*, 669 F. Supp. 569, 571 (W.D.N.Y. 1987) (declining to exercise jurisdiction where differing standards under Title VII and NYHRL would result in jury confusion, and other state law issues could predominate at trial); *but see Song* v. *Ives Laboratories, Inc., a Div. of American Home Products Corp.*, 735 F. Supp. 550, 554-55 (S.D.N.Y. 1990) (exercising pendent jurisdiction where state law was well-settled, there was no indication that state issues would predominate, and there was "no reason to believe that jury confusion [was] likely to occur").

## CONCLUSION

For the reasons discussed herein, Plaintiff-Intervenors' motion is GRANTED as to their Title VII claims, but DENIED as to their NYHRL claims. Plaintiff-Intervenors shall file their Proposed Complaint in Intervention, amended in accordance with this Order, within 10 days of the date of this Order. The Clerk of Court is directed to terminate Docket Entry 36.

SO ORDERED.

Dated: September 30, 2013
　　　　New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge